Submitted on remand from the Oregon Supreme Court December 11, 2001, affirmed February 13, 2002

## STATE OF OREGON,
*Appellant,*

*v.*

## STEVEN MICHAEL SUTER,
*Respondent.*

96-1052; A95862

40 P3d 558

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, for appellant.

Sally Avera, Public Defender, and Mary M. Reese, Deputy Public Defender, for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

## LANDAU, P. J.

This case returns to us on remand from the Supreme Court for reconsideration in light of *State v. Fugate*, 332 Or 195, 26 P3d 802 (2001). In our original opinion, we reversed the entry of an order suppressing evidence obtained during a traffic stop. *State v. Suter*, 157 Or App 107, 969 P2d 1035 (1998). In light of *Fugate*, we now affirm that order.

The relevant facts are set out in detail in our original opinion. *Suter*, 157 Or App at 109-10. Briefly stated, on June 2, 1995, an officer stopped defendant to investigate a traffic infraction. During the stop, the officer asked defendant for permission to search a fanny pack in his possession. Defendant consented, and the officer found a handgun. After being charged with, among other things, unlawful possession of a firearm, ORS 166.250, defendant moved to suppress evidence obtained as a result of the questioning about the fanny pack. The trial court granted the motion.

On appeal, we concluded that the officer lacked reasonable suspicion to broaden the scope of the traffic stop to include questioning about the fanny pack. *See generally State v. Dominguez-Martinez*, 321 Or 206, 212, 895 P2d 306 (1995) (officers may expand the scope of a traffic stop only upon reasonable suspicion that some other crime has been committed). We nevertheless reversed, because, under ORS 136.432, suppression is not required unless the state or federal constitution, the rules of evidence governing privileges and hearsay, or the "rights of the press" require it. We concluded that none of those rules or rights requires suppression in this case. *Suter*, 157 Or App at 112-13.

Meanwhile, in *Fugate*, the Supreme Court held that ORS 136.432, which became effective on June 12, 1997, cannot constitutionally be applied to crimes committed before that date. 332 Or at 214-15.

In this case, defendant's crimes were committed before June 12, 1997. Accordingly, ORS 136.432 cannot be applied. Given our prior conclusion that the officer lacked reasonable suspicion to broaden the scope of the stop to

include questioning about the fanny pack, it necessarily follows that the trial court did not err in suppressing the evidence that was obtained as a result of that questioning.

Affirmed.